NED HARNDON, SAM HARNDON and JACK HARN-
DON, Respondents, v. SOUTHERN SURETY COM-
PANY, Appellant.

Springfield Court of Appeals, March 25, 1921.

1. **INSURANCE: Notice of Claim Held not Condition Precedent to Right to Recover on Indemnity Policy.** Where plaintiff partnership, carrying liability insurance with defendant surety company, had contracted to indemnify the mining · company, whose mine the partnership leased, against loss, damages, or negligence, and ·the mining company, having settled suits against it for deaths of miners resulting from the operation of the mine by the partnership, sued and recovered judgment against the partnership for the amounts so paid in settlement, neither notice to defendant surety company of the claim made against the partnership by the min-. ing company on account of having made the settlement nor presentation to defendant surety of the summons and papers connected with such claim of the mining company was a condition precedent to the right of plaintiff partnership to recover from defendant; the claim and· suit by the mining company

against the partnership not being such a loss or claim as required notice under the policy terms, which contemplated notice of claims or suits directly for an injury, and not notice of collateral claims growing out of such injuries and their settlement.

2. ———: *Agreement to Indemnity Against Loss by Employee's Injury or Death Covers Payment by Another for Such Loss for Which Insured is Ultimately Liable.* Where plaintiff partnership, carrying liability insurance with defendant surety company, haa contracteu to indemnify the mining company, whose mine the partnership leased, against loss, damages, or negligence, and the mining company, having settled suits against it for death of miners resulting from the operation of the mine by the partnership, sued and recovered judgment against the partnership for the amounts so paid in settlement, the defendant surety company was liable to the partnership for the amount paid by the mining company for which it recovered judgment against the partnership; for, since the policy indemnified the partnership up to certain amount against loss arising from death of employees, defendant was required to hold the partnership harmless up to such amount, no matter to or through whom or when paid by the partnership.

3. ———: *Surety Company Which Furnished Attorney to Represent it and Policyholders, not required to Pay Additional Fees.* A surety company which furnished its own attorney to represent it and its indemnity policy holders in two damage suits should not be required to pay any additional attorney fees in the defense of such suits.

Appeal from Circuit Court of Jasper County.—*Hon. Grant Emerson,* Judge.

AFFIRMED ON CONDITION.

*Owen & Davis* and *John P. McCammon* for appellant.

(1) ''Immediate notice provided for by policies is of the essence of the contract and a breach of such provision will prevent a recovery under the policy on the ground of non-performance of a condition precedent. That is the holding of the courts of Missouri.'' U. S. F. & G. Co. v. Carmichael Co., 190 S. W., 648, 195, Mo. App. 93; Nat'l Paper Box Co. v. Aetna Life Ins. Co., 170 Mo. App. 361, 156 S. W. 740; Liability Asso. Corp. v.

Light & Power Co., 63 N. E. 54. (2) There was no forfeiture clause, no stipulation that a "compliance with said conditions, is a condition precedent" as there is in the policy here. Held, that such compliance with said conditions was a condition precedent and that one notice was necessary after such accident, and another notice after the claim was made. Underwood Veneer Co. v. London Accid. & Guar. Co., 75 N. W. 996; Rooney v. Casualty Co., 67 N. E. 882; Ins. Co. v. Doll, 35 Md. 102; Ins. Co. v. Keeton, 49 So. 736. (3) Under a policy containing like conditions the court held a judgment for plaintiff should be reversed. Tel. Exch. Co. v. Cas, Co., 90 N. W. 1110; Nat'l Const. Co. v. Ins. Co., 57 N. E. 350; Nat'l Paper Box Co. v. Ins. Co., 170 Mo. App. 361, 556 S. W. 740. (4) Where the general agent of the insurance company was a stockholder in the plaintiff company, and its general manager, and knew of the accident, but thought no claim would be made, and gave no notice of the accident, by mail until a claim was made, a judgment for plaintiff against the insurer was reversed. Milk Co. v. Casualty Co. of America, 104 N. E. 918, 210 N. Y. 399; Blunt v. N. F. & C. Co., 141 N. W. 1033. (5) The notices provided for by the policy must be given irrespective of whether insurer is prejudiced by delay or not. "Where the policy fixes as a condition precedent to recovery the giving of notice, or making the giving of notice in a specified time of the essence of the contract, the defense of a failure of such notice does not depend upon such failure resulting in injury or prejudice to the insurer, but upon the terms of the policy, and if the policy provided that notice is a condition precedent, such notice is necessary to recovery." In Jefferson Realty Co. v. Employers Liability, Corp., 149 S. W. 1011, 1014, the court said: "Therefore the question really narrows, down to the single inquiry whether the facts admitted on the record, that the appellees' company was not prejudiced by the delay excused the Realty Company from the duty of giving within a reasonable

time the notices provided for in the conditions of the policy to which reference has been made, and upon this ground it is strongly pressed that the judgment below should be reversed.    But in our opinion it is wholly immaterial whether or not the appellee company was prejudiced by the unreasonable delay.   If it could have been shown that it had been benefited this fact would not affect the question. * * * The great weight of authority supports the view we have taken that a condition like the one in the policy, we are considering is a reasonable and material condition and that substantial compliance with it in a reasonable time is essential to fix liability and a prerequisite to a recovery on the policy.'' Citing numerous authorities.    Jefferson Realty Co. v. Employers Liability Corp., 149 S. W. 1014;   Sherwood Ice Co. v. U. S. Casualty Co., 100 At. 572, and cases cited;   Brewing Co. v. Employers Indem. Co., 95 Atl. 919.

*McReynolds & Blair* and *John H. Flanegan,* for respondent.

(1)   The judgment and files in case of American Zinc, Lead & Smelting Company v. Harndon Brothers was proper, as these documents made a prima-facie case of liability.   Stewart v. Thomas, 45 Mo. 44;   22 Cyc. p. 93, Notes 77 and 78; p. 99, Notes 17 and 18.   (2)   The liability of appellant here under the policy in suit is settled by the decision of this court in the former case involving the same issues, the same accident, the same parties, and the same policy, the former suit being Harndon v. Southern Surety Co., 200 Mo. App. 162, 204 S. W. 34, 23 Cyc. 1322, Notes 71-73; Raphael v. Railroad Co., 201 Fed. 854;   Harms v. Stern, 229 Fed. 42; Greenwood v. Same, 96 Kans. 591;   Marsh v. Lott, 156 Cal. 643;   Idalia R. & D. Co. v. Norman, 259 Mo. 619; Paving Co. v. Field, 132 Mo. App.   638; Roth Tool Co. v. Champ Spring Co., 146 Mo. App. 1.   (3)   This being

an action for a second installment due under the policy contract, and the fundamental state of facts upon which recovery under the contract having been fully adjudicated in the former case appealed to this court such former adjudication is conclusive and precludes any inquiry into the ultimate facts or grounds of recovery. 23 Cyc. 1295, Notes 78-79; Rankin v. Big Rapids, 133 Fed. 670; Investment Co. v. Mellick, 108 N. E. 81; Investment Co. v. Shannon, 162 Pac. 471; Surety Co. v. Coates, 89 Ark. 542, 117 S. W. 555; Pakas v. Hollingshead, 77 N. E. 40, 3 L. R. A. N. S. 1042; Stradley v. Cement Co., 79 Atl. 242; Louisville R. Co. v. Carson, 48 N. E. 402; Spratt v. Early, 199 Mo. 491; St. Louis v. United Railways Co., 263 Mo. 424.

FARRINGTON, J.—Plaintiffs, composing a partnership, recovered a judgment against the defendant, based upon a loss sustained by them to two of their employees, occasioned by an alleged negligent manner of operating a mine. Plaintiffs carried a policy of liability indemnity in defendant company at the time the injury was sustained by the employees of the plaintiffs.

The facts surrounding this suit grow out of the same transactions as those in the suit of Harndon v. Southern Surety Company, decided by this court, reported in 200 Mo. App. 162, 204 S. W. 34, and in addition to the facts stated here we refer to the statement in that case for a further understanding of the points involved.

The defendant issued to the plaintiffs herein the policy above mentioned, which contained the two following provisions. We set these out because we think that the proper construction of the same clearly decides the errors assigned here on this appeal.

"A.—For or on account of bodily injuries or death, suffered through an accident by any employee or employees of the Assured while at the place designated in the schedule, in and during the prosecution of the work described herein; by any driver or driver's helper men-

tioned in the schedule of warranties employed by the Assured, while engaged in his duties as driver in the territory covered by the teams of the Assured in the prosecution of the work at the places described in the schedule.''

''Notice in Case of Casualty or Claim.

1. (a) In case of any casualty or loss sustained under this policy or in case of any claim upon the Assured, immediate notice to the company shall be given, and as soon as possible thereafter a full and particular account thereof, including any written communication or information in any verbal communication. If any suit shall be brought against the Assured to enforce a claim, the Assured shall immediately forward to the company every summons, or other process as soon as the same shall have been served.''

The facts of this case are, that the plaintiffs were miners and procured a lease from the American Zinc, Lead & Smelting Company to operate a mine owned by the last named company, already developed to a certain extent, with machinery thereon. In that contract of lease the plaintiffs indemnified the American Company against any loss, damages or negligence that might render the American Company liable. While this mine was being operated by the plaintiffs, two of their employees, Williams and Counts, were injured, resulting in death to both of them, and claims were made and suits commenced by the widows of the two injured men against the plaintiffs and the American Company for damages, charging negligence on their part in the operation of the mine. The notice of the injury was immediately given to the defendant by plaintiffs, and subsequently, when the widows of these two men brought their suits the summons and all the legal papers in connection with same were turned over by the plaintiffs to the defendant. One of these suits went to a judgment against the American Company and the plaintiffs and before it was paid or an appeal taken the attorneys for the American

Company, the attorneys for the two widowed plaintiffs in the damage suits and the attorney representing the defendant Surety Company and the plaintiffs here, began negotiations for a settlement of the two damage suits, resulting in an adjustment of the same whereby it was agreed between the American Company and the Surety Company, defendant, and the attorneys for the two plaintiffs in the damage suits that $6,000 would be the amount to be paid in full settlement of the suits for damages occasioned by the two deaths against the plaintiffs here and the American Company. In fulfillment of this agreement the American Company paid $3,000 to the attorneys for the plaintiffs in the damage suits and full releases of such suits were made and are shown by the record in this case.

It appears that when the American Company paid its $3,000, it was indebted to the Harndons, the plaintiffs in this suit, in the sum of $1400. It is also shown that the contract for indemnity which existed between the plaintiffs here and the American Company was known to the attorney for the Surety Company before and at the time of the agreed settlement, that is to say, Mr. Sheppard, who was the attorney for the Surety Comany when the settlement was made and before that time, knew that the Harndons, whom he was also representing, were obligated to pay to the American Company any sum that the American Company would be required to pay to the widows of these two deceased employees, and Mr. Sheppard, in dealing with the American Company's attorney and the attorney for the plaintiffs in the damage suits was not only the defendant's attorney but also by reason of the contract of indemnity herein sued on represented the Harndons, who are the plaintiffs here. After the settlement was made, and after the American Comnany had naid the $3,000, it then refused to pay to the Harndons the $1400 which it owed them, applying that as part payment under its lease contract of indemnity. A suit was then begun by the Harndons against

the Surety Company to require it to pay to the Harndons this sum which was withheld from them by the American Company, and that is the case which was herebefore, reported in 200 Mo. App. 162, 204 S. W. 34. In that case we held, and we have no reason at this time to change our views concerning the same, that the Southern Surety Company's contract with the Harndons indemnified them against loss up to $10,000, and that when the attorney for the Surety Company took charge of the defense of those cases and settled that loss at $6,000 in the two cases, the Surety Company then became bound to hold the Harndons harmless for the payment of that amount or any portion thereof that was shown by them to have been paid in discharge of that liability created and fastened on them. And we held in the former case that it made no difference whether this money was paid in actual cash by the Harndons to the plaintiffs in the two damage suits or whether it was paid by some one for the Harndons to whom the Harndons must answer; and that in either case the Harndons would be protected up to the amount of $6,000 by the Surety Company's indemnity contract. As stated before, there was no failure on the part of the Harndons to give the proper notice and to do all the things required of them in the indemnity policy concerning the claim for damages brought by the two widows and the loss occasioned by the injury and death of the two employees.

After the American Company had appropriated to itself the $1400 which it owed the Harndons and applied that as a part payment to their obligation of indemnity to it, it then demanded of the Harndons the balance of the $3,000 which it had paid in settlement of the damage suits together with the costs and attorney fees made before and at the time the damage suits were settled. The Harndons refused to pay this amount and a suit was brought by the American Company against them for that balance, which with costs and attorney fees amounted to $2001.16, being the amount of the judgment re-

covered in this case. That suit was tried, resulting in a judgment in favor of the American Company, which was paid by the Harndons, plaintiffs in this suit, and the basis of the case at bar is to recover that amount from the Southern Surety Company, which the Harndons were required to pay to the American Company under their indemnity contract.

The assignments of error made by the appellant here go to the question of a failure on the part of the plaintiffs to give defendant any notice whatever that there was a demand made by the American Company for this unpaid balance, and further that the plaintiffs did not in any way advise the defendant of this suit or furnish the documents, summons, etc., required under the provisions of the policy heretofore quoted under the head of General Agreements. That is to say, the appellant here contends that before it can be held to answer to the defendants under its contract for the amount sued on here, it should have been notified of the claim made by the American Company and given an opportunity to defend that suit if it do desired. We cannot agree with appellant in this respect, and that because the claim made by the American Company and the suit instituted by the American Company against the Harndons was not such a loss or claim as was in contemplation of the parties requiring notice, etc., under the terms of the policy. To begin with, Clause A, which we have heretofore quoted, shows that the defendant was only assuming any liability for which the Harndons would be liable on account of bodily injury or death suffered through an accident by an employee or employees. This policy covered only claims or suits growing out of personal injuries It was never contemplated, and did not undertake to cover collateral claims which grew out of such suits or losses, and the clause under General Agreements had particular reference to the notice only as to loss, etc., "sustained under this policy."

206 M. A.—25

We must, therefore, hold that the failure to give notice of the American Company's claim, or to give to the defendant the summons and papers connected with that claim was not a condition precedent to the right to recover from the defendant in this case under the terms of the policy of indemnity heretofore set out. Without placing this decision on the ground that the question was formerly adjudicated in the case reported in 200 Mo. App..162, 204 S. W. 34, or on the ground of *stare decisis*, we hold here that the defendant is liable to the plaintiffs in this case for the same reasons as were given for holding it in the former case, and that is that the policy of indemnity indemnified these parties against the loss arising out of the death of their two employees; that the defendant itself fixed the total amount of that loss by agreement at $6,000, and when it did that it is required to hold these plaintiffs harmless up to that amount, and it makes no difference how they may pay it, nor when they may pay it, if they show that they have in fact paid it, and that the liability having been fixed by the defendant, it only remains for the defendant to respond and indemnify them as it agreed to do.

The appellant does question the amount of the recovery which goes to the proposition of permitting the plaintiffs to recover from the defendant the amount of the attorney fees which they were required to pay to the American Company to indemnify it under their lease contract of indemnity between it and the plaintiffs. It is apparent from the record that there was $400 attorney fees allowed in this judgment and $10.05 for a stenographic copy of some testimony which was procured and paid for by the American Company and which was included in its judgment and which is included in the recovery here. This is an improper charge against this defendant. because it furnished its own attorney to represent it .and the plaintiffs in the two damage suits, and should not be, and we find nothing in the contract

to require it to pay any additional attorney fees in the defense of those suits.

The judgment will, therefore, be affirmed, with the costs of appeal taxed against the respondents, on condition that respondents file in this court within ten days from the rendition of this judgment a remittitur of $410.05. In case of a failure to do so, the judgment will be reversed and the cause remanded.

*Cox, P. J.*, concurs in result. *Bradley, J.*, concurs.