UNION PAVING CO. to Use of UNITED STATES CAS. CO. v. THOMAS et al. (UNITED STATES CAS. CO. et al., third-party defendants).

No. 10245.

United States Court of Appeals Third Circuit.

Argued Oct. 12, 1950.

Decided Jan. 2, 1951.

Edwin S. Heins, Philadelphia (Raspin, Espenshade & Heins, Philadelphia, Pa., on the brief), for appellants.

Walter B. Gibbons, Philadelphia, Pa. for appellees.

Before ALBERT LEE STEPHENS, MARIS and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This is an appeal from the dismissal of a third-party complaint which the District Court held did not set out a cause of action.

Prior to the present litigation one Downey had recovered a personal injury judgment against Union Paving Company. That judgment was affirmed by this court in Downey v. Union Paving Company, 3 Cir., 184 F.2d 481. Thereafter, Union Paving Company sued appellants for indemnification of its loss in the Downey ac-

tion under an alleged agreement[1] between it and appellants.[2] The latter brought in appellee as a third-party defendant, alleging that it was appellants' insurer against liability arising out of appellants' negligence in connection with work done as subcontractor to Union Paving Company. Appellants also averred that notwithstanding knowledge of the Downey accident and appellants' possible liability to answer for damages in connection therewith, appellee made no effort to settle appellants' possible liability; no effort to intervene on behalf of and join appellants as third-party defendants in the Downey-Union Paving suit; and no effort to participate in the trial thereof or make any arrangements with Union Paving Company as to the payment of any verdict that might be rendered therein based upon possible negligence of appellants.

Upon motion by the third-party defendant, the third-party complaint was dismissed by the court below. It is from this dismissal that the present appeal is brought.

Downey was hurt when he drove his automobile into an excavation in Lancaster Avenue, Strafford, Pa. Union Paving Company was the general contractor for the reconstruction of that particular portion of Lancaster Avenue. With the permission of the Highway Department of the Commonwealth of Pennsylvania, Union Paving Company had sublet the work to appellants. In order to obtain said permission, Union Paving Company agreed to maintain on the job a competent superintendent with whom the Highway Department could deal. On the appeal from the judgment for Downey in his suit against Union Paving Company, we held that Union Paving Company had retained supervisory control of the excavating, and, in addition thereto, under the Pennsylvania law,[3] could not avoid the liability to perform the public duty which it had assumed by showing that Downey's injury had resulted from the negligence of appellants. Downey v. Union Paving Co., supra.

In this appeal appellants contend that Union Paving Company's suit against them, even though on an alleged contract, involves proof of injury to Downey caused by appellants' negligence alone or jointly with Union Paving Company, with the same force and effect as though appellants had originally been sued by Downey and

---

**1.** Article 17, Paragraph 1 of the contract between Union and appellants reads as follows:

"(1) The Sub-Contractor [appellants] hereby assumes entire responsibility and liability in and for any and all damage and injury of any kind or nature whatever to all persons, whether employees or otherwise, and to all property caused by or resulting from the execution of the work provided for in this contract, or occurring in connection therewith, and agrees to indemnify and save harmless the General Contractor [Union Paving Company], its agents, servants and employees from and against any and all loss, expense, damage or injury caused or occasioned directly or indirectly by the act or negligence of the Sub-Contractor, his agents, or employees, or resulting from the use by the Sub-Contractor, his agents or employees, of any materials, tools, appliances, works or machinery or other property of the General Contractor, whether the same arises under the common law or the so-called Workmen's Compensation Law (which may be in effect in the locality in which the work is situated) or otherwise. In the event of any such loss, expense, damage or injury, or if any claim or demand for damage is made against the General Contractor, its agents, servants or employees, the General Contractor may withhold from any payment due or hereafter to become due to the Sub-Contractor under the terms of this contract, an amount sufficient in its judgment to protect and indemnify it from any and all claims, expense, loss, damage or injury, or the General Contractor in its discretion, may require the Sub-Contractor to furnish a surety bond satisfactory to the General Contractor, guaranteeing such protection, which bond shall be furnished by the Sub-Contractor within five days after written demand has been made therefor."

**2.** Union Paving Company has also started suit against appellant for contribution toward the payment of the Downey judgment on the ground that appellants were joint tortfeasors with Union Paving Company. Appellee is defending that action for appellants under its policy of insurance.

**3.** See Lancaster Avenue Imp. Co. v. Rhoads, 116 Pa. 377, 9 A. 852.

a verdict recovered against them alone or jointly with Union Paving Company. They say further that if Union Paving Company must prove, inter alia, as part of its claim, or indeed as all of its claim under the contract, what might have been the case of Downey v. Appellants or Downey v. Appellants and Union Paving Company, then the mere fact that the Union Paving Company action is said to be, or even deemed to be, under the contract, ought not to prevent that proof from compelling appellee at this date to meet the liability for which it insured appellants. They also assert that Union Paving Company, in its suit under Article 17(1) of its contract with appellants, must prove the negligence, and the negligence alone, of the appellants.[4] That, say the appellants, is the only thing for which appellants agreed to indemnify Union Paving Company, whether Union Paving Company has averred it or not; and whether or not it is under a contract.[5] Appellants argue that appellee's failure to intervene or participate in the Downey action prevented the determination of whether appellants were liable for Downey's injuries, and that if appellants, in that action, had been adjudged responsible for Downey's accident, appellee, as their insurance carrier, would have had to pay the resultant judgment.[6]

The issue before us is whether the contract of insurance between appellants and appellee obligates the appellee to assume the defense of and pay any resulting judgment obtained in the suit against appellants by Union Paving Company.

The insurance appellants had with appellee was a standard "comprehensive general liability policy". Under it, to the limits fixed therein, appellee agreed to pay on behalf of appellant all sums which the latter "shall become obligated to pay by reason of the liability imposed upon him [7] by law, or assumed by him under contract as defined herein * * *" for personal injuries, etc. and property damage arising out of the accident. The policy expressly did not apply " * * * to liability assumed by the insured under any contract or agreement not defined herein". One of the "Declarations" of the policy states: "The letter 'X' in any premium space shall mean that no insurance is afforded with respect to the coverage opposite thereto." Under "Limits of Liability" the letter "X" appears in the space opposite "aggregate contractual". There was no premium charge entered for that item.

It is further quite clear that had there been contractual coverage by appellee insurance company of the appellants' Lancaster Avenue construction operation it would have been the subject of a separate endorsement affixed to the policy. Such endorsement would have stated in detail that the protection of the policy was extended to the liability accepted by appellants under their so-called indemnity agreement with Union Paving Company. The policy with which we are concerned actually had that kind of endorsement attached to it covering contract liability assumed by Union Paving Company in connection with a job at Abington Sewage Disposal Plant, Upper Dublin Township, Pa.

The Downey suit, which was against Union Paving Company alone, was predicated upon Union Paving Company's failure to properly supervise and correct the actions of appellants as subcontractor, which duties were incumbent upon Union

---

4. This assertion is factually incorrect.

5. This argument, advanced now by appellants, and possibly a defense to Union Paving Company's suit, was not mentioned in appellants' answer to the Union Paving Company complaint. Nor was it raised in appellants' third-party complaint. In addition, there is no indication that the argument was presented to, considered or passed upon by the lower court. Therefore, the argument is not before the court at this time.

6. This argument is entirely without substance. Appellee, the insurance carrier for appellants, had no standing to intervene in a suit where the sole parties were Downey, as plaintiff, suing Union Paving Company as defendant.

7. It was stipulated between the parties that a specimen policy of insurance be used as a true copy of the policy of insurance in question. This accounts for the use of the singular pronoun in the above quoted language.

Paving Company, both by law and by its contract with and license from the Commonwealth of Pennsylvania. In the suit presently appealed from, Union Paving Company's cause of action against appellants is based on the agreement between them. Union Paving Company claims that under that agreement it is entitled to reimbursement of the amount of the Downey judgment against it. In its amended complaint Union Paving Company makes no assertion that Downey was injured through appellants' negligence, or, indeed through any negligence whatsoever. The question of appellants' fault is not raised by Union Paving Company. It sues directly under Article 17 of its contract with appellants. A copy of the agreement is attached to its original complaint. Paragraph 3 of the amended complaint asserts that, "The defendants agreed, inter alia, to assume all liability for any and all damage and injury of any kind or nature whatever to all persons and property resulting from the execution of the work provided for in the aforesaid agreement, and further agreed to indemnify and save harmless the plaintiff from and against any and all loss, expenses, damage or injury resulting from the work involved, as is more specifically set forth in Article 17 of the aforesaid contract, Exhibit A of the original complaint." Article 17 does say that the subcontractor (appellants) assumes " * * * entire responsibility and liability in and for any and all damage and injury of any kind or nature whatever to all persons, caused by or resulting from the execution of the work provided for in this contract, or occurring in connection therewith, and agrees to indemnify and save harmless the General Contractor, * * * from and against any and all loss, expense, damage or injury caused or occasioned directly or indirectly by the act or negligence of the Sub-Contractor, * * *." Whatever may be eventually determined to be the effect of this language, it is the founda-

tion of the Union Paving Company suit, and to call upon appellee to defend that suit would force appellee to accept a contract obligation which had never been contemplated by the parties and definitely never undertaken by appellee.

The amended complaint goes on to give the details of Downey's judgment. Attached to it as exhibits are a statement with reference to the Downey accident by Thomas, one of the appellants, and some correspondence, including one letter to appellants by the attorney for Union Paving Company setting out the details of the Downey action and calling appellants' attention to their agreement with Union. That letter, with reference to the agreement, concluded by saying, "Under your contract with Union Paving Company of June, 1946, Article 17, you assumed liability for damage and personal injury. I ask, therefore, that you or your representative immediately get in touch with me." Finally, Union Paving Company alleges performance of its part of the agreement and asks judgment of appellants in the amount of the Downey judgment plus some other costs.

■ In the only case we have seen which closely resembles the situation presented by this appeal, the Missouri Court of Appeals [8] held that an insurance policy which expressly excluded "liability of others assumed by the assured under any contract or agreement, oral or written * * *" did not cover an assured's obligation to indemnify its lessor from liability for personal injuries to any persons while on the premises involved. The court said, 154 S.W.2d at page 787:

"Applying the foregoing rule to the facts developed in this case, we must hold that the claim arose because respondent assumed the liability of another, and, therefore, is not within the coverage of the policy sued upon, but is a claim which, by the explicit terms of the policy, is expressly exempted from coverage." [9]

8. St. Louis Police Relief Ass'n v. Aetna Life Ins. Co., 236 Mo.App. 413, 154 S. W.2d 782.
9. In this matter, just as in the St. Louis case, it cannot be said that appellants, in responding to Union Paving Company under Article 17 of their agreement, were making good their own liability and their own wrong, because we must presume that the judgment in Downey v. Union

We think the above language states the law of Pennsylvania as well and is accordingly applicable in the case at bar which is governed by Pennsylvania law. As we said in Globe Indemnity Co. v. Liberty Ins. Co., 3 Cir., 138 F.2d 180, 184, "A court may not rewrite policies of insurance * * *." Nor can the insurer's obligation be enlarged or varied by judicial construction. In re Podolsky, 3 Cir., 115 F.2d 965. "* * * Where the language of the policy is clear and unambiguous * * * It must be given the plain and ordinary meaning of the terms used * * *." Topkis v. Rosenzweig, 333 Pa. 529, 531, 5 A.2d 100, 101. And see Hagarty v. William Akers, Jr., Co., Inc., et al., 342 Pa. 236, 20 A.2d 317.

The judgment of the District Court will be affirmed.

Paving Company was responsive to the pleadings and established a liability under the assignments of negligence charged, absent a showing that the duty, the violation of which was the foundation of the liability established by the judgment, was in reality a duty owed primarily by the appellants. The duty, the violation of which was the foundation of liability in the Downey suit, was the duty to supervise. As already indicated, this duty was that of Union Paving Company and could not be assumed by another. Therefore, appellants cannot make a showing that this duty was in reality their own.